E-FILED
Friday, 08 June, 2007  10:57:37 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PAMELA MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07-3145 |
| | ) | |
| ILLINOIS STATE POLICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the Plaintiff's application and petition to proceed in forma pauperis under 28 U.S.C. § 1915.

Plaintiff Pamela Martin has moved to proceed without prepayment of costs and fees. She seeks to file suit under 42 U.S.C. § 1983 against state officials for constitutional violations; she also claims to be suing federal officials under 28 U.S.C. § 1331. The Plaintiff states that she is unable to pay the filing fee. The Court will deny her petition.

Notwithstanding the payment of the filing fee or a portion thereof, a

1

court shall dismiss the case if the action is frivolous.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i).  According to the complaint that the Plaintiff seeks to file, her claim accrued in 1981.  She claims that she was beaten by police officers.  The Court concludes that the Plaintiff's complaint is barred by the statute of limitations.

The period of limitations for actions under section 1983 in Illinois is two years.  <u>See</u> <u>Johnson v. Rivera</u>, 272 F.3d 519, 521 (7th Cir. 2001). Because the exhaustion of administrative remedies is a condition precedent to prisoners' litigation under section 1983, <u>see</u> 42 U.S.C. § 1997 e(a), the statute of limitations is tolled while prisoners pursue those remedies.  <u>Id.</u> at 521.  To the extent that the Plaintiff seeks to file suit against federal officials, the statute of limitations is generally six years.  <u>See</u> 28 U.S.C. § 2401(a).

The Plaintiff states that she has exhausted her administrative remedies.  She also claims that she has previously brought a lawsuit based on these same facts; though the Plaintiff says that the suit was filed in federal court, it appears that it was actually brought in state court.  The

2

Plaintiff claims that the suit was brought in January 1999.  The Plaintiff appears to state that the lawsuit was thrown out, but she does not provide a date for this disposition.

The Plaintiff does not indicate when she exhausted her administrative remedies, even though she was supposed to attach to her complaint copies of materials relating her grievance.  However, her complaint is clearly barred by the statute of limitations.  The claim accrued in 1981.  The administrative process would have had to take more than two decades for her claims under section 1983 to be tolled until this case was filed on June 6, 2007.  The case will be dismissed on the basis of frivolousness under section 1915(e)(2)(B)(i).

Ergo, the Plaintiff's application and petition to proceed in forma pauperis under 28 U.S.C. § 1915 [d/e 1] is DENIED.

ENTER: June 7, 2007

FOR THE COURT:

s/Richard Mills
United States District Judge

3